IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARVEY EUGENE LARSON,

    Plaintiff,                    1:09 CV 00342 OWW YNS SMS (PC)

    vs.                           FINDINGS AND RECOMMENDATION

P. RHODES,

    Defendant.

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has submitted request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

        Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at CCI Tehachapi, brings this civil rights action against the Warden and other correctional officials at Tehachapi. Plaintiff claims that he is illegally housed in Administrative Segregation..

        The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury."

        This plaintiff has, on 3 prior occasions, brought civil actions challenging the conditions of his confinement. All three action were dismissed as frivolous, or for failure to state

a claim upon which relief can be granted. Larson v. Runnels, et al., 2:06 cv 00940 GEB GGH PC; Larson v. Patton, et al. 2:07 CV 01043 FCD JFM PC; Larson v. Runnels, et al., 2:07 CV 00806 FCD DAD PC.   Plaintiff is therefore not entitled to proceed in forma pauperis unless he alleges facts indicating that he is in imminent danger of serious physical injury.  Plaintiff alleges no such facts in this case.   Plaintiff is therefore not entitled to proceed in forma pauperis.

Accordingly, On May 29, 2009, Plaintiff was ordered to show cause, within thirty days, why he should not be denied leave to proceed in forma pauperis and directed to pay the filing fee in full.   Plaintiff failed to respond to the order to show cause.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff be denied leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).

2. Plaintiff be directed to pay the $350 filing fee in full.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.   The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 29, 2009**             /s/ Sandra M. Snyder
                                UNITED STATES MAGISTRATE JUDGE

2